BEER, Judge
(concurs).
I concur in the result, agreeing that the majority has correctly stated the issues, the current law to be applied, and the result that must be reached.
Yet, I seriously question the wisdom of requiring adjudication of “fault” in this type of domestic impasse. The record makes it clear that the interests of both litigants will be best served by their being separated. Yet the separation which will serve both of them best (and which is obviously in existence for all practical intents and purposes) must be judicially withheld.
I question the social, moral or practical usefulness of a procedure which requires husbands and wives to resort to the judicial process for a measured determination of which spouse has been more or less cruel.
It would, I believe, make far more sense —and result in less disillusionment, frustration and judicial guesswork if abandonment — without any implication of fault on either party — was rebuttably presumed, simply for the purpose of adjudicating separation, after either spouse had intentionally and calculatedly removed himself (or herself) from the matrimonial domicile and remained away for longer than a reasonable “cooling off” period.
Leaving these litigants to stew in their own juices because of “mutuality of fault” signals a need for legislative action to deal with a matter of growing concern in our ever changing society.